UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BAHIG BISHAY**, *et al.*, <br><br>             Plaintiffs, <br><br>             v. <br><br> **SCOTT S. HARRIS**, *et al.*, <br><br>             Defendants. | Case No. 1:21-cv-1831 (TNM) |

**MEMORANDUM OPINION**

Plaintiffs Bahig Bishay and Mary Bishay filed this *pro se* suit invoking various federal civil rights and criminal provisions. *See* Complaint, ECF No. 1. In essence, the Bishays allege three clerks of the Supreme Court violated the Constitution and committed federal crimes by denying the Bishays' applications for stay of lower court judgments. *See id.* at 70–71. For the reasons below, this case will be dismissed for lack of subject matter jurisdiction.

\*   \*   \*

The applications for stay at issue in this case arise out of a longstanding debtor-creditor dispute between the Bishays and the Citizen's Bank of Massachusetts. *See generally Bishay v. Citizens Bank of Mass.*, 213 F. App'x 8, 8–9 (1st Cir. 2007) (recounting factual background). After the Bishays failed to pay a debt, the Citizen's Bank launched a state-court receivership proceeding. The Massachusetts Superior Court entered a final judgment approving the receiver's final report, and the Court of Appeals

1

affirmed. *See Citizen's Bank of Mass. v. Bahig Bishay*, 56 Mass. App. Ct. 1104 (2002) (affirming reorganization plan).

Bahig then sought judicial review in federal court, but both a Massachusetts federal district court and the First Circuit found his suit to be an impermissible collateral attack on a state judgment. *See* 213 Fed. App'x at 9 (holding Bahig's claims "ha[d] already been decided in state court, whose rulings are entitled to full faith and credit"). Bahig also sued the Department of Justice, the FBI, and others, alleging his constitutional rights were violated when those defendants failed to "investigate and prosecute an alleged existing criminal conspiracy [by a state judge and twenty-three other unnamed individuals] to steal his property." *Bishay v. U.S. Dep't of Just.*, No. 1:19-CV-01045 (UNA), 2019 WL 1932550, at *1 (D.D.C. Apr. 30, 2019). A court of this district dismissed the suit, finding it had "no authority to compel th[e] defendants to initiate a criminal investigation or to prosecute a criminal case." *Id*. The Circuit agreed. *Bishay v. U.S. Dep't of Just.*, 777 F. App'x 526 (D.C. Cir. 2019) (affirming).

Bahig then applied to the Supreme Court for stays of the D.C. Circuit and First Circuit judgments in a number of cases. *See* Compl. 3; *id.* at 73 (listing docket numbers at issue in stay applications). But Harris and/or other clerks of the Court (the Clerk-Defendants) allegedly returned those applications to Bishay for lack of jurisdiction. *See id.* at 71–73. That brings us to this suit, which "stems from the Harris-Team's [alleged] concealment" of those applications.[1] *Id.* at 3. The Bishays seek redress for:

---

[1] In the Complaint, Plaintiffs say the Clerk-Defendants are "employed by the U.S. Department of Justice." Compl. 69. It is clear from the remaining factual allegations, however, that the Clerk-Defendants are (or were) employed by the Federal Judiciary. *See, e.g.*, Compl. 70 ("Harris held the title Clerk of the U.S. Supreme Court, and Silver and Frimpong acted as Harris' [a]ssistants or Harris' direct subordinates.").

2

    i.      Fraud perpetrated by the Harris-Team;

    ii.     The Harris-Teams' unauthorized assumption of judicial authority otherwise exclusively granted to the Justices of the Supreme Court;

    iii.    Civil conspiracy among the members of the Harris-Team to defraud the Bishays of their civil and constitutional rights within the meaning set forth in 18 U.S.C. § 371 and 1964;

    iv.    Obstruction of justice within the meaning set forth in 18 U.S.C. § 1503;

    v.     Aiding and abetting misprision of felony carried out by the third-parties named in the within action, describing the defalcation of millions of dollars in cash and other property belonging to the Bishays, within the meaning set forth in 18 U.S.C. § 4, and other federal law, including, without limitation, 18 U.S.C. § 2, of the civil and constitutional rights protected under 42 U.S.C. § 1983, as part of the Civil Rights Act of 1871, the 5th and 14th Amendments;

    vi.    Mail fraud carried out by the Harris-Team and the third-party defendants named in the within action, within the meaning set forth in 18 U.S.C. §§ 63 and 1341;

    vii.   A cover-up of mail-fraud by the third-party defendants;

    viii.  Interstate transportation of stolen funds and other property, within the meaning set forth in 18 U.S.C. § 2314 and 2315, which the Harris-Team covered up.

*Id.* at 5–6. They ask the Court for various forms of declaratory judgment and pray for over $300,000,000 in punitive damages, treble damages, and compensation for "financial losses and personal damages . . . the exact amount of which will be calculated prior to the date of the trial." *Id.* at 83.

       The Court lacks subject matter jurisdiction over these claims. It is well-established in this circuit that the "Supreme Court . . . has inherent supervisory authority over its Clerk." *In re Marin*, 956 F.2d 339 (D.C. Cir. 1992). And, by extension, "neither a district court nor a circuit court of appeals has jurisdiction to interfere with it by mandamus *or otherwise*." *Id.* (emphasis added). A straightforward application of that rule here requires dismissal—this suit seeks to declare the clerks' routine processing of a

3

stay application to be fraudulent, criminal, and in violation of the Constitution.  Were this Court to grant the relief the Bishays seek, it would directly trench on the Supreme Court's exclusive supervisory authority.  This Court's power does not extend so far.

In dismissing the Complaint, the Court joins a long line of district courts in this circuit that have dismissed materially analogous suits.  *See, e.g. Gillenwater v. Harris*, No. 16-cv-495, 2016 WL 8285811, at *1 (D.D.C. Apr. 12, 2016), *aff'd*, No. 16-5107, 2016 WL 6915556 (D.C. Cir. Oct. 5, 2016) (per curiam), *cert. denied*, 137 S. Ct. 1346 (2017) (dismissing case for lack of jurisdiction where plaintiff sought "a declaratory judgement that a statute and rule governing filings in the Supreme Court [were] unconstitutional"); *Miller v. Harris*, No. 14-cv-1330, 2014 WL 3883280, at *1 (D.D.C. Aug. 5, 2014), *aff'd*, 599 F. App'x 1 (D.C. Cir. 2015) (per curiam) (dismissing case in which plaintiff "sue[d] the Clerk of the United States Supreme Court and other employees of that office for returning his petition for writ of habeas corpus," because the court "lack[ed] jurisdiction to review the decisions of the United States Supreme Court, including those of its Clerk of Court"); *Jordan v. Suter*, 116 F. App'x 288, 288-89 (D.C. Cir. 2004) (per curiam) (affirming dismissal of suit against Supreme Court Clerk and defendant styled as Supreme Court case analyst, among other defendants, because "[t]he lower courts have no supervisory authority over the Supreme Court or its employees"); *Bent v. Unnamed Capitol Police One*, No. 18-cv-2636, 2019 WL 1696793, at *3 (D.D.C. Apr. 17, 2019).  The Bishays' Complaint will fare no better.

The operative complaint, beginning at page 68 of ECF No. 1, does not actually seek relief against the "third-party" defendants.  They are named, it appears, only because of their roles in the "conspiracy" the Clerk-Defendants allegedly aided and abetted.  *See*

Compl. 70–79, 79–83.  Because the Bishays do not allege any injury caused by the third-party defendants that would be redressed if the Court granted their sought-after relief, they lack standing to pursue any claims against those third parties.  *See DaimlerChrysler Corp v. Cuno*, 547 U.S. 332, 335 (2006) (noting that a plaintiff must "demonstrate standing for each claim he seeks to press" (emphasis added)); *Friends of the Earth, Inc. v. Laidlaw Environ. Servs.*, 528 U.S. 167, 185 (2000) (noting that a plaintiff must "demonstrate standing separately for each form of relief sought" (emphasis added)).  And even if the Bishays had pled sufficient facts to show standing in relation to the "third-party" defendants, they have failed to state a claim against those defendants in their Complaint.  *See* Fed. R. Civ. P. 12(b)(6).

Accordingly, the Clerk-Defendants' Motion to Dismiss will be granted and the Complaint dismissed.  Plaintiffs' pending motions for default judgment, *see* ECF Nos. 94, 65, will be denied for lack of standing, or alternatively, for failure to state a claim.  And for the same reason Plaintiffs' pending motions for entry of default, *see* ECF Nos. 56 & 93, will be denied.  The motion to set aside default, *see* ECF No. 72, from Conn Kavanaugh Rosenthal Peisch & Ford will be granted.

A separate Order will issue.[2]

Dated: March 1, 2022                                              TREVOR N. McFADDEN, U.S.D.J.

---

[2] Plaintiffs sought leave to file sur-replies related to certain "third-party" defendants' motions to dismiss.  *See* ECF Nos. 128 & 129.  Because the Court finds more briefing unnecessary, Plaintiffs' motions for leave to file will be denied.  In any event, these sur-replies would not impact the outcome here.  Plaintiffs also filed several motions to strike pleadings from "third-party" defendants.  *See* ECF Nos. 79, 89, 92.  The Court considered those motions and finds them without merit.  They will also be denied.