UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BAHIG F. BISHAY**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **SCOTT S. HARRIS**, *et al.*, <br><br> Defendants. | Case No. 1:21-cv-01831 (TNM) |

## MEMORANDUM ORDER

Late last year, the Court warned Plaintiff Bahig F. Bishay that it was considering entering injunctions against him. *See* Show-Cause Order, ECF No. 162. As the Court explained, this case "is not Mr. Bishay's first foray into vexatious litigation." *Id.* at 1. Bishay responded to that Order and asked the Court to recuse itself and vacate all its substantive rulings. *See* Mot. to Vacate and Recuse (Bishay Resp.), ECF No. 164. After considering Bishay's conduct in this case, his behavior in related past cases, and his response to the Court's Show-Cause Order, the Court finds that entering an injunction is necessary "to protect the integrity of the courts and the . . . administration of justice." *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985). And the Court denies Bishay's motion to vacate and recuse. *See generally* Bishay Resp. Both requests are baseless.[1]

---

[1] Bishay moves to disqualify under 28 U.S.C. §§ 144 and 455(a). Bishay Resp. at 1. His main complaint is that the Court's legal rulings are wrong. *See, e.g.*, Bishay Resp. at 2 (calling the Court's ruling "starkly inconsistent with" binding law). And he also claims that the Court got facts wrong. *Id.* at 4 n.2 (claiming that the Court made up "bogus facts"). But because the Court's "rulings do not evidence any extrajudicial bias or prejudice," they are "insufficient to support a motion for recusal under section 144 or 455." *Klayman v. Jud. Watch, Inc.*, 278 F. Supp. 3d 252, 258 (D.D.C. 2017). And because Bishay has given the Court no good reason to vacate all its substantive orders, the Court will not.

**I.**

Courts must "protect and preserve the sound and orderly administration of justice." *Urban*, 768 F.2d at 1500 (cleaned up). To do that, courts must sometimes enjoin harassing litigants. *See In re Powell*, 851 F.2d 427, 430 (D.C. Cir. 1988). But because that "is an extreme remedy," courts may do so "only in exigent circumstances." *Id.* at 431 (cleaned up).

Before issuing an injunction, a court must provide "notice and an opportunity to be heard." *Id.* And courts must "make substantive findings as to the frivolous or harassing nature of the litigant's actions." *Id.* Finally, courts should note "any pattern constituting harassment." *Id.*

**II.**

As the Court explained in its Show-Cause Order, Bishay has a repeated habit of abusing the judicial process. His past cases, this case, and his response to the Court's Show-Cause Order confirm as much.

**A.**

Start with Bishay's many past cases.[2] In his response, Bishay notes that he has never been sanctioned under Rule 11 "or other federal punitive authority." Bishay Resp. at 6 n.3. True enough. But other courts have enjoined him, and they have repeatedly chided him for bad behavior.

In 2014, a Massachusetts state court enjoined Bishay "from filing any action in any Massachusetts State court without prior approval." *Lombard v. Bishay*, 87 Mass. App. Ct. 1135 (2015). Bishay appealed, and the Massachusetts Appeals Court affirmed. *Id.* It found that the

---

[2] As of April 4, 2023, a LexisNexis search for "Bahig F. Bishay" yields 63 judicial opinions.

judge had "made detailed factual findings regarding Bishay's misuse of both the State and Federal court systems [over] almost fourteen years." *Id.*

Undeterred, Bishay sued the judge who had enjoined him in federal court. *Bishay v. Cornetta*, No. 17-cv-11591, 2017 WL 5309683, at *1 (D. Mass. Nov. 13, 2017). He lost. *Id.* at *4. And he sued the same judge again in this case.

To top it off, Bishay violated that judge's injunction in a later lawsuit. *See Bishay v. Pub. Storage*, 139 N.E.3d 782 (Mass. App. Ct. 2019) ("It is undisputed that Bishay failed to comply with the order."). There, the Massachusetts Appeals Court noted that Bishay had engaged in "numerous prior abuses of the judicial process resulting in a substantial waste of judicial resources," found that his claims were frivolous, and affirmed the dismissal of his case. *Id.* at *1–2 n.6. And in yet another case, Bishay was barred "from filing any complaint or motion to reopen a closed case in Norfolk Superior Court against any of the plaintiffs [from those cases] without attaching a copy of the order and the judge's" opinion. *Harvard 45 Assocs. v. Bishay*, 138 N.E.3d 1047, at *1 (Mass. App. Ct. 2019) (table).

Still more, Bishay filed so many "groundless" emergency petitions with the Supreme Judicial Court of Massachusetts that he was enjoined by that court too. *Bishay v. Superior Ct. Dep't of the Trial Ct.*, 166 N.E.3d 438, 441 (Mass. 2021). Just two years ago, it barred him from seeking emergency relief without first seeking leave to file. *See id.* at 440–41. The court noted that it had already "cautioned [Bishay] against filing groundless petitions." *Id.* at 440. And it pointed to six past cases in which Bishay had filed petitions that were "destined to fail." *Id.*

## B.

Rather than pumping the brakes, Bishay accelerated. In this case, he sued 59 defendants, many of whom were part of his past losses. Compl. at 1–2. For instance, he sued many judges

3

who have ruled against him: five from the First Circuit, two federal district judges, and many state-court judges. This is becoming a pattern. Just a few years ago, he sued 11 Massachusetts judges. *Bishay v. Ricciuti*, 575 F. Supp. 3d 262, 265, 269–70 (D. Mass. 2021) (dismissing the case). Most ironically, he has sued Judge Robert A. Cornetta, the judge who enjoined him for being vexatious. Compl. at 2; *Cornetta*, 2017 WL 5309683, at *1.

Alone, Bishay's Complaint is unreasonable. But his conduct here has been arguably worse. After the Court dismissed Bishay's Complaint, he moved twice to reopen the case. Dismissal Order, ECF No. 138; *see also* ECF Nos. 139, 141. The Circuit then summarily affirmed the dismissal. *See Bishay v. Harris*, No. 22-5060, 2022 WL 3449223, at *1 (D.C. Cir. Aug. 11, 2022). Undeterred, Bishay has since moved three more times to reopen. *See* ECF Nos. 157, 159, 160.

After his *fifth* such motion to reopen, the Court revoked Bishay's CM/ECF privileges and warned him that he must seek leave before filing. Min. Order (Dec. 21, 2022). As in the past, he ignored that Order and promptly filed another motion without seeking leave. *See* Mot. to Set Aside Order, ECF No. 161 (asking the Court not to revoke CM/ECF privileges).

So the Court entered an Order requiring Bishay to show cause why he should not be enjoined from filing any cases in this District or be required to seek leave before filing a new federal case. *See* Show-Cause Order. Bishay's response to that Order shows why an injunction is necessary.

When given a chance to explain why he was not vexatious, Bishay doubled down. He accused the Court of "aiding and abetting" the theft of his property and engaging in a racketeering conspiracy. Bishay Resp. at 7. He asked the Court to recuse itself and, for a sixth time, asked to reopen the case (i.e., vacate all substantive orders). *Id.* at 1. And, for good

4

measure, he suggested that unless the Court rules in his favor, a congressional investigation may "lay the ground for documentary entitled '*The Judicial Farce*,'" that will expose judicial misconduct. *Id.* at 7 n.4.

What is Bishay's chief complaint? He disagrees with the Court's rulings. As he sees it, the Court held that the Supreme Court has "original-exclusive" or "exclusive-original" jurisdiction over his Complaint. *Id.* at 2, 4 (misquoting the Court's opinion). But the Court never said that. Those quotations appear zero times in the Court's Memorandum Opinion dismissing his case. *See* Mem. Op., ECF No. 137. Bishay has conjured a strawman and used it to badger the Court into reopening the case. The Court will not do so.

### C.

Bishay's tear through the courts must come to an end. This is one of those rare cases that warrants an injunction. For one, Bishay has disregarded past warnings. The Supreme Judicial Court of Massachusetts told Bishay to stop filing appeals "that were doomed to fail." *Bishay*, 166 N.E.3d at 440. He ignored that court and it enjoined him. *See id.* at 440–41.

Worse, Bishay has flouted courts' orders. In Massachusetts, he was enjoined for being vexatious and then violated that injunction. *See Pub. Storage*, 139 N.E.3d 782, at *1 ("It is undisputed that Bishay failed to comply with the order."). And here, the Court ordered Bishay not to file "anything else . . . without seeking leave of the Court first." Min. Order (Dec. 21, 2022). Bishay violated that Order *the same day* when he filed a motion without seeking leave. *See* ECF No. 161.

Plus, Bishay has used the courts to harass those who have ruled or litigated against him. Bishay has sued the state judge who enjoined him in 2014 at least twice, including in this case. And here he sues many judges who had the temerity to rule against him.

5

And finally, Bishay's response to the Court's Show-Cause Order only confirms the Court's concerns. He misquotes the Court, anchoring his legal theory on something the Court never said. And he accuses the Court of crimes, including aiding theft and a racketeering conspiracy. In short, Bishay appears determined to continue his crusade.

### III.

Because of all this, it is hereby

**ORDERED** that the Order to Show Cause, ECF No. 162, is **DISCHARGED**, and it is further

**ORDERED** that Bahig F. Bishay, is hereby enjoined from filing any civil action in this or any other federal court without first obtaining leave of that court. In seeking leave to file, he must certify that the claim or claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court. He must also certify that the claim or claims are not frivolous or levied in bad faith. Additionally, the motion for leave to file must be captioned "Application Pursuant to Court Order Seeking Leave to File." Bishay must either cite or affix a copy of this Memorandum Order to that motion. Failure to comply strictly with the terms of this injunction will be sufficient grounds for denying leave to file or other sanctions.

**SO ORDERED.**

Dated: April 5, 2023                                             TREVOR N. McFADDEN, U.S.D.J.